UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| LASHONDA POWELL | CIVIL ACTION NO. 26-cv-2187 |
| VERSUS | JUDGE VAN HOOK |
| WALMART | MAGISTRATE JUDGE HORNSBY |

# REPORT AND RECOMMENDATION

## Introduction

Lashonda Yvette Powell ("Plaintiff"), who is self-represented, filed this civil action against Walmart based on allegations of employment discrimination. Her complaint, as amended, does not allege that Walmart terminated her employment on a basis that is protected by law. For the reasons that follow, it is recommended that the complaint be dismissed for failure to state a claim on which relief may be granted.

## Plaintiff's Allegations

Plaintiff commenced this action by filing a complaint on a two-page form designed for asserting a claim under Title VII. The form asked Plaintiff to describe in her own words the employment practices about which she complained and identify the persons, companies, and others involved. Plaintiff wrote only: "I have a text thread of dates times person I spoke to would submit to court later date."

Plaintiff also submitted exhibits (Doc. 3) that included an EEOC notice of right to sue and the charge of discrimination that Plaintiff submitted to commence the agency process. The form asked Plaintiff to check a box to indicate why she thought she was

discriminated against. Boxes were provided for race, religion, sex, and other protected classes. Plaintiff checked only the box for "other." The next part of the form asked Plaintiff what happened to her that she thought was discriminatory. Plaintiff wrote that it started with her changing her availability after working for three weeks. Her handwriting is difficult to read, but she appears to refer to a form required by Walmart that was resubmitted twice. Plaintiff wrote that she complained about a "work slip," after which everything "seemed weird from manager." She wrote that she contacted corporate about her concerns.

The court issued a memorandum order (Doc. 6) that noted the minimal allegations in the complaint and stated that Plaintiff's submissions were "not adequate to constitute a complaint, as required to commence a civil action, and they do not state a plausible claim against Walmart." The order quoted the requirements of Federal Rule of Civil Procedure 8 for setting forth a claim and the legal requirement that the complaint plead enough facts to state a claim to relief that is plausible on its face.

Plaintiff was given an opportunity to file a Restated and Amended Complaint that would comply with Rule 8 and set forth a short and plain statement of a claim. Plaintiff responded with a one-page submission (Doc. 7) that stated that she was hired at a Shreveport Walmart store in July 2025 to work as a cashier. She worked for about three weeks on a shift from 2:00 to 11:00, but her availability changed so she submitted a form to HR. Plaintiff wrote that she was given a form to complete and told to give it to a manager, which she did, but the form was somehow misplaced. Plaintiff later returned to HR to renew the process, and she again handed the form to a manager.

Plaintiff alleged that, about a week later, she noticed that her hours had changed so that she went from working 32 to 40 hours a week to 17 hours to 7 hours a week. She returned to HR and asked about her form, but she was told that it was not turned in. Plaintiff then described communications between her and management about her hours and availability.

Plaintiff alleges that she went to work one day during the lunch rush and noticed that she was the only cashier. She called over a manager and asked about the other cashier, and the manager got upset, which led to a meeting between Plaintiff, the manager, and the store manager. Plaintiff was told that she was wrong to ask about the other cashier in front of a guest. Plaintiff also alleges that the manager yelled and used a threatening tone. Plaintiff wrote that she felt "validated and hurt tremendously cause this is my manager I just asked for some help." Plaintiff states that she also "complained to corporate," but nothing was done and no apologies were given, and she was later fired for mis-scanning an item. Plaintiff alleges that she was "given a ticked but never was prosecuted."

**Analysis**

Plaintiff is proceeding in forma pauperis ("IFP"). Under 28 U.S.C. § 1915(e)(2)(B)(i) & (ii), the district court shall dismiss an IFP complaint at any time if it determines that the complaint is frivolous or malicious or fails to state a claim upon which relief may be granted. A complaint is frivolous if it lacks an arguable basis in law or fact. It lacks an arguable basis in law if it is based on an indisputably meritless legal theory. The complaint lacks an arguable basis in fact if the facts alleged are clearly baseless. Rogers v. Boatright, 709 F.3rd 403, 407 (5th Cir. 2013).

All complaints must plead enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955 (2007)). The factual allegations must "raise a right to relief above the speculative level." Twombly, 127 S.Ct. at 1965. "[P]ro se complaints are held to less stringent standards than those drafted by lawyers," but even in a pro se complaint "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002).

Plaintiff filed her complaint on a form for the assertion of Title VII claims. Title VII generally makes it an unlawful employment practice for an employer to refuse to hire or to discharge any individual "because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2. Neither Plaintiff's complaint, amended complaint, or EEOC charge made any allegation that Plaintiff was fired for one of those reasons. When Plaintiff was given the opportunity to indicate that one of the protected reasons was the basis for her alleged discrimination, she checked a box for other. Plaintiff's complaint, as amended, therefore fails to state a plausible claim under Title VII.

Plaintiff appears to believe that she was terminated wrongfully or unfairly, but that is not a basis for a legal claim under federal or Louisiana law. There is no general claim for wrongful termination under federal law, and under Louisiana's employment-at-will doctrine an employer is generally at liberty to dismiss an employee at any time for any reason without incurring liability for the discharge. That right is tempered by federal and state laws such as Title VII, but when they are not applicable, there is no general claim for

wrongful termination. Hayes v. Univ. Health Shreveport, LLC, 332 So. 3d 1163, 1169 (La. 2022); Quebedeaux v. Dow Chem. Co., 820 So. 2d 542, 545-46 (La. 2002). The Fifth Circuit has explained that under Louisiana law: "Both employers and employees are free to end the employment relationship at any time, and for any reason, without liability, provided that the termination violates no statutory or constitutional provision and, obviously, that there is no contract of employment for a definite term." Johnson v. Delchamps, Inc., 897 F.2d 808, 810 (5th Cir. 1990).

Employment is presumed to be at-will unless a plaintiff alleges sufficient facts to establish the existence of an employment agreement or contract, the violation of which may support a claim for wrongful termination. Henderson v. J.P. Morgan Chase Bank, NA, 2021 WL 6134694 (W.D. La. 2021); Medwick v. MADCON Corp., 348 So. 3d 106, 113 (La. App. 1st Cir. 2022), writ denied, 349 So. 3d 991 (La. 2022). Plaintiff has not alleged facts to suggest the existence of such a contract, so her employment is presumed to be at-will, which defeats any claim for wrongful termination.

Plaintiff's complaint, as amended, fails to state a claim on which relief may be granted under federal or state law. Her general dissatisfaction with how her employment ended, and her suggestion that perhaps what happened was unfair, does not give rise to a legal claim. Dismissal of the complaint is appropriate.

Accordingly,

It is recommended that Plaintiff's complaint be dismissed with prejudice for failure to state a claim on which relief may be granted.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 29th day of July, 2026.

Mark L. Hornsby
U.S. Magistrate Judge